FILED
United States Court of Appeals
Tenth Circuit

February 24, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SS&C TECHNOLOGIES, INC., a
Delaware corporation,

     Plaintiff - Appellant,

v.

CONSULTORES PUEBLO BONITO,
S.A. DE C.V., a Mexico corporation,

     Defendant - Appellee.

No. 20-4027
(D.C. No. 2:17-CV-01246-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

The United States District Court for the District of Utah dismissed this case under

the doctrine of forum non conveniens after determining that a forum-selection provision

(the Forum Provision) in a contract between plaintiff SS&C Technologies, Inc. (SS&C)

and defendant Consultores Pueblo Bonito S.A. de C.V (CPB) is valid under the laws of

Mexico.  SS&C appeals, challenging the district court's interpretation of Mexican law.

We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment below.  Like the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court, we are persuaded by the opinions of two Mexican appellate courts that have already upheld the Forum Provision under the laws of their country.

## I. BACKGROUND

### A. Factual Background

The pertinent facts are not in dispute. SS&C is a Delaware corporation with its principal place of business in Connecticut. CPB is a Mexico corporation with its principal place of business in Sinaloa. In June 2014 the parties entered into an agreement (the Master Agreement) providing that SS&C, through a business unit in Utah, would license software and provide related services to CPB. The Master Agreement contained the following paragraph, which stated that the agreement would be interpreted under Mexican law and included the two-sentence Forum Provision:

> Choice of Law; Choice of Forum. This Master Agreement shall be interpreted, construed and in all respects governed under the laws of Mexico without regard to conflicts of law principles. Any action, suit or proceeding related to any dispute, claim or controversy or otherwise related to the rights and obligations of the parties under this Master Agreement shall be brought in the state or federal courts located in Mexico. The parties hereto submit to the exclusive jurisdiction of such courts.

Aplt. App., Vol. 1 at 28.

### B. Procedural History

In April 2017, CPB sued SS&C in a civil court in Mexico City, Mexico, claiming breach of the Master Agreement. SS&C moved to dismiss for lack of jurisdiction on the ground that the Forum Provision was too ambiguous to be enforced under Mexican law. The jurisdictional challenge was referred to the State Court of Appeals, which declared

2

the Forum Provision unenforceable. CPB then sought review in a so-called *amparo* proceeding before the Federal Circuit Court, which found the Forum Provision enforceable. The State Court of Appeals thereafter issued an 18-page order validating the Forum Provision (and the trial court's jurisdiction) in light of the Federal Circuit Court's ruling. The case was returned to the trial court for adjudication of the merits, and the parties advise us that the litigation is ongoing.

Meanwhile, SS&C sued CPB in federal court in Utah, also for breach of the Master Agreement and related claims. CPB moved to dismiss on the basis of forum non conveniens because the Forum Provision compelled the parties to litigate in Mexico. After quoting the two Mexican appellate courts, the district court held the Forum Provision enforceable under Mexican law and granted CPB's motion to dismiss.

## II. ANALYSIS

We ordinarily apply a bifurcated approach to determine whether a forum-selection provision necessitates dismissal on the basis of forum non conveniens (FNC). *See Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019). First we determine the meaning and enforceability of the provision and then we proceed to apply FNC doctrine. *See id.* "[Q]uestions of contract interpretation are reviewed de novo and [FNC] dismissals are reviewed for abuse of discretion." *Id.* (citation omitted). In this case, however, SS&C concedes that if we hold that the Forum Provision is valid and enforceable, then the district court did not abuse its discretion in its FNC determination. Also, SS&C does not dispute that the Forum Provision prohibits filing suit in the United States. Therefore, the sole issue before us is the enforceability of that provision.

3

The parties agree that Mexican law controls but disagree on whether the Forum Provision is enforceable. We review de novo a district court's interpretation of foreign law. *See Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1873 (2018). Fed. R. Civ. P. 44.1 governs how we go about determining foreign law. It "gives the court maximum flexibility about the material to be considered and the methodology to be employed in determining foreign law in a particular case." 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2444 at 349 (3d ed. 2008) (Wright & Miller). We "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. The Supreme Court has said that "the obvious purpose of [the Rule is] to make the process of determining alien law identical with the method of ascertaining domestic law to the extent that it is possible to do so." *Animal Sci. Prod.*, 138 S. Ct. at 1873 (internal quotation marks omitted).

Our approach to determining state law is therefore instructive. Of course, we "must follow the most recent decisions of the state's highest court." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007). But "[w]hen the highest state court has not addressed the question, we predict how it would rule after giving proper regard to relevant rulings of other courts of the State." *Bill Barrett Corp. v. YMC Royalty Co.,* 918 F.3d 760, 765 (10th Cir. 2019) (per curiam) (internal quotation marks omitted). In particular, we disregard the decisions of lower appellate courts only if "we're convinced by other persuasive data that the [state] Supreme Court would reach a different result."

4

*McCracken v. Progressive Direct Ins. Co.*, 896 F.3d 1166, 1173 (10th Cir. 2018) (internal quotation marks omitted).

SS&C contends that under Mexican law a forum-selection provision in a contract must be clear and definite, specifically stating what judge and court can hear a dispute, and that a provision of the Mexican Commerce Code restricts what courts may be selected. It relies on a sworn declaration by the attorney who represented it in the Mexican courts. The declaration cites several decisions of Mexican courts that purportedly support the attorney's conclusions. Some of those cases were discussed in the original State Court of Appeals decision favoring SS&C.

As sources of authority, however, we think the Mexican appellate decisions in this very case are more persuasive than the affidavit of a party's attorney. The Federal Circuit Court said that the Forum Provision was enforceable under Mexican law, explaining:

> [I]t is sufficient that the parties have stated their intention that the agreement is interpreted under the Mexican laws and courts, and that "The parties of this agreement submit themselves to the exclusive jurisdiction of such courts," so that their will to submit themselves to the jurisdiction of the courts of our country, is clear, without requiring the sacramental phrase that they waive the courts of the United States of America.

Aplt. App., Vol. 4 at 1003–04.[1] It interpreted the Forum Provision language as "equivalent to [each party's] submitting itself to the Mexican courts, *excluding the foreign courts*." *Id.* at 1004 (emphasis added). It rejected the view that there was no

---

[1] The Federal Circuit Court's opinion (or at least the English translation in our appellate record) misquotes the Forum Provision, but not in any material respect.

5

"clear and definite waiver" of jurisdiction because of the absence of any "express submission in the transcribed clause." *Id.* Thereafter the State Court of Appeals similarly found the Forum Provision "clear and definite" and left "no room for doubt with respect to such waiver" of non-Mexican forums. *Id.* at 1010–11. We accept SS&C's assertion that the Mexican appellate decisions in this case have no *precedential* power in Mexico. That does not mean, however, that they cannot be *persuasive*.

Further, we have reviewed the Mexican court decisions that SS&C and its expert have relied on. To begin with, the expert's declaration itself says that the forum requirements of the Mexican Commerce Code apply only in the absence of a clear and definitive waiver of jurisdiction by the parties. More importantly, our review of the Mexican court opinions relied on by SS&C does not persuade us that the Mexican appellate decisions in this case were incorrect. (We rely on the English translations of those decisions provided by SS&C.) None of them concerns forum-selection language similar to that in the Forum Provision, nor do we see any language in those opinions that would foreclose a determination that the language in the Forum Provision is sufficiently clear and definite.

Finally, SS&C argues that while the Mexican courts decided whether SS&C was subject to jurisdiction in a court in Mexico City, we must decide a different question, namely whether SS&C may commence litigation *outside of* Mexico. True. But the Mexican courts explicitly stated that the Forum Provision barred litigation in the United States. And when it comes to whether the language of the provision was clear and definite, we would say that the answer to the question now before us—whether the

6

United States is excluded as a forum—is much clearer and more definite than the question before the Mexican courts—whether a court in Mexico City could hear the case even if that court would lack jurisdiction in the absence of the Forum Provision.

In short, we believe the legal opinions of two Mexican appellate courts interpreting Mexican law and applying it to the very contract at issue in this appeal are more persuasive than the opinions of SS&C and its Mexican counsel. *See Bugliotti v. Republic of Argentina*, 952 F.3d 410, 414 (2d Cir. 2020) (per curiam) (remarking that "a decision by an Argentine court as to the meaning of the relevant Argentine laws may be preferable to any of the materials proffered thus far in this litigation," materials which included a declaration by the Argentine Attorney General regarding applicable Argentine law); *see also* Wright & Miller at 346 ("[F]ederal courts have not felt bound by the testimony of foreign law experts and upon occasion have placed little or no credence in their opinions when not supported adequately or when the views were offered in too partisan a fashion."). We accordingly agree with the district court that the Forum Provision is enforceable under Mexican law and directs the parties to litigate in Mexico.

## III.    CONCLUSION

We **AFFIRM** the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge

7